IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**ANTHONY QUINN GIBSON**                                                         **PLAINTIFF**

**V.**                                                                           **CASE NO 2:05CV170**

**CAREY ESTES, in his individual and
official capacities and Mayor of the
City of Rosedale and the CITY OF
ROSEDALE, MISSISSIPPI**                                            **DEFENDANTS**

## ORDER

This cause comes before the court on the motion [40] of Defendant Cary Estes, in his individual capacity, to strike the jury. The plaintiff has responded in opposition. The court has reviewed the submissions and is prepared to rule.

Plaintiff Anthony Gibson was hired as a police officer by the City of Rosedale, Mississippi on January 4, 2000. On July 18, 2001, Mr. Gibson was appointed as the Personnel and File Director of the Rosedale Police Department. His duties included managing, monitoring paperwork, reports, time sheets, police logs, and other similar activities. During Mr. Gibson's tenure as Personnel and File Director, Rosedale did not have a chief of police. The city's police officers reported to Mr. Gibson, who in turn reported to the mayor.

Cary Estes was elected as mayor of Rosedale in February 2004. On February 2, 2007, this court entered an order denying the defendants' motion for summary judgment; however, the plaintiff conceded his First Amendment and substantive due process claims. The only claim that remains before this court is the plaintiff's claim against Cary Estes for malicious interference with employment.

Estes contends that the plaintiff's malicious interference claim may only be pursued under the Mississippi Tort Claims Act (MTCA) and that Miss. Code Ann. § 11-46-13(1) requires that a bench trial must be held. Gibson contends that the Mississippi Tort Claims Act applies to torts sounding in negligence, and that Gibson's claims that Estes acted willfully, intentionally, and with malice remove this suit from the scope of the Mississippi Tort Claims Act.

This issue has been directly addressed by the Mississippi Court of Appeals in *Kirk v. Crump*, 886 So.2d 741 (Miss. Ct. App. 2004). The plaintiff in *Kirk v. Crump*, Kirk, asserted that the MTCA does not cover crimes of malice committed by government employees. The Court of Appeals noted that the MTCA requires that all actions filed pursuant to it be addressed in a bench trial, even when non-MTCA claims are included in a complaint with MTCA claims. *Id*. at ¶ 28. However, when actions are not protected by the provisions of sovereign immunity, a plaintiff is entitled to a trial by jury. *Id.* at ¶ 29. The court noted that Article 3, Section 31 of the Mississippi Constitution provided that the right to a jury trial shall remain inviolate and that the constitutional provision was to apply to all cases where the right to a trial by jury existed at common law. *Id*. Based upon the allegations in Kirk's complaint as well as other submissions, the Court of Appeals determined that Kirk was entitled to a trial by jury as to Crump's individual liability. *Id*. at ¶ 30.

Similarly, this court has determined that Gibson has made allegations of malice that remove the protections of the MTCA from Estes. Accordingly, Estes' motion [40] to strike the jury is DENIED as Gibson is entitled to a trial by jury to determine Estes' individual liability.

This the 16th day of May, 2007.

                                               /s/ Michael P. Mills
                                               **UNITED STATES DISTRICT JUDGE**