IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

_____

ANTHONY QUINN GIBSON                                                              PLAINTIFF

V.                                                                                          2:05CV170

CAREY ESTES, in his individual and
official capacities as Mayor of the
City of Rosedale and the CITY OF
ROSEDALE, MISSISSIPPI                                                            DEFENDANTS
_____

## MEMORANDUM OPINION

This cause comes before the court upon motion[72] of defendant, Carey Estes, in his individual capacity, for a judgement as a matter of law or, in the alternative, for a new trial.

The defendant's motion is based upon three grounds: (1) there is no record evidence to support the jury's verdict that he maliciously interfered with the plaintiff's employment; (2) recommending termination is not enough to establish liability; and (3) the plaintiff failed to establish that the defendant's actions were the proximate cause of his termination.

### Standard of Review

A motion for judgment as a matter of law in an action tried by a jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict. *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995). A jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as it did. *Hiltgen*, 47 F.3d at 700. (quoting Fed. R. Civ. P. 50(a)(1)). A jury may draw reasonable inferences from the evidence, and those inferences may constitute sufficient proof to support a verdict. *Id*. On appeal an appellate court is bound to view the evidence and all reasonable inferences in the light most favorable to the jury's determination. *Id*. Even though the court might have reached a different conclusion if it had been

the trier of fact, it is not free to reweigh the evidence or to re-evaluate credibility of witnesses. *Id*. The court must not substitute for the jury's reasonable factual inferences other inferences that it may regard as more reasonable. *Id*.

The decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court, and is reversible only for an abuse of discretion. *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence. *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 269 (5th Cir. 1998) (quoting *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998)). In passing on a motion for a new trial, a trial court does not need to take the view of the evidence most favorable to the verdict winner, but may weigh the evidence. *Shows*, 671 F.3d at 269 (quoting *Bazile v. Bizzo Marine Co., Inc.*, 600 F. 2d 101, 105 (5th Cir. 1979)). This does not mean that a judge may order a new trial simply because he or she disagrees with the jury verdict. *Id*. The judge must be convinced that the verdict is against the great weight of the evidence. *Id*.

## Facts

The plaintiff, Anthony Gibson, was hired as at will employee by the City of Rosedale, Mississippi, on January 4, 2000. On January 18, 2001, Mr. Gibson was appointed as the Personnel and File Director of the Rosedale Police Department. At that time, the city's police reported to Gibson, who in turn reported to the mayor.

In 2003, Gibson investigated illegal activity occurring at Club Millennium, a nightclub owned by Carey Estes and his brother Richard Estes. On one occasion while enforcing a curfew imposed on nightclubs, Mr. Gibson arrested Richard and ticketed Carey Estes. That night Carey Estes stated that once he was elected mayor, Gibson would be terminated. Both Estes brothers

were let go with a warning.

In February 2004, Carey Estes was elected mayor. At that time, Gibson was investigating Ronnie Estes, a third brother, based on his alleged involvement in a sex crime and three murders. Gibson's investigation resulted in Ronnie Estes' conviction for sexual assault.

In early 2005, Gibson began investigating Carey Estes' involvement in alleged criminal activity at Club Millennium. This investigation was instituted based on complaints that alcohol was being sold to minors at the club.

At the February 19, 2005, Rosedale City Council meeting, Carey Estes recommended that Gibson's contract be terminated. By a three to one vote, the Rosedale City Council terminated Gibson's contract citing poor job performance, disrespect for authority, and failure to cooperate with other agencies. Up until that point, Gibson had not received any write-ups, warnings, or reprimands for his job performance.

Gibson then brought the instant suit against Carey Estes. On May 20, 2008, a jury returned a verdict in favor of Gibson awarding him $60,000.

## Malicious Interference with Employment

A claim for malicious interference with employment is the same as asserting a tortious interference with contractual relations claim. *Roberson v. Winston County, MS*, 2002 WL 449667 (N.D. Miss. 2000). Mississippi law allows for recovery against those who intentionally and improperly interfere with the performance of a contract between another and a third party, causing the third party not to perform the contract and thereby causing injury. *Morrison v. Mississippi Enter. for Tech.*, 798 So.2d 567, 574 (Miss. Ct. App. 2001) (citing *Shaw v. Burchfield*, 481 So.2d 247, 254-55 (Miss. 1985). Tortious interference with at-will employment can be the basis of a claim. *Id*. (citing *Levens v. Campbell*, 733 So.2d 753 (Miss. 1999)).

However, "one occupying a position of responsibility on behalf of another is privileged, within the scope of that responsibility and absent bad faith, to interfere with his principals's contractual relationship with a third person. *Vestal v. Oden*, 500 So. 2d 954, 955 (Miss. 1986) (citing Restatement (Second) of Torts § 770 comment b, illustration 3 (1979)).

In order to prove tortious interference with a contract, the plaintiff must show: 1) the acts were intentional and willful; 2) they were calculated to cause damages to the plaintiff in his lawful business; 3) they were done with the unlawful purpose of causing damages and loss, without right or justifiable cause on the part of the defendant; and 4) actual loss occurred. *Morrison*, 798 So. 2d at 574 (citing *Levens*, 733 So.2d at 760-61). Carey Estes argues that the plaintiff satisfied neither the third nor fourth prong regarding his malicious interference with employment claim.

## Unlawful Purpose

Carey Estes first asserts that Gibson failed to prove the defendant's actions "were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant." Specifically, the defendant states that his actions were not taken with unlawful purpose and that if they were taken with unlawful purpose that he had a right to take such actions. Gibson counters that because the defendant acted in bad faith his conduct was unlawful and his privilege evaporated.

The defendant argues that to establish the acts were unlawful Gibson would have to prove that the acts were "independently tortious." The defendant finds this phrase in *Walmart v. Sturges*. 52 S.W. 3d 711, 726 (Tex. 2001). Carey Estes goes on to argue that this is part of Mississippi's law because Mississippi adopted a large portion of its malicious interference with employment claim law from Texas. While it is true that Mississippi courts have often found

Texas law to be persuasive in delineating the bounds of the tort, Mississippi has not adopted this requirement. Instead the Mississippi Court of Appeals has stated "[t]he word 'unlawful' in the third element of the tort is somewhat redundant, as the 'purpose of causing damage and loss' is unlawful when it is 'without right or justifiable cause.'" This finding is based on the earliest incarnation of the tort found in *Irby v. Citizens Nat'l Bank of Meridian*, 121 So. 2d 118, 119 (1960). As such the court found that the bad faith exception to a privilege defense was nothing more than an allowance for suit based on a finding of malice. *Morrison*, 798 So. 2d at 575; *see also McBride Consulting Service, LLC v. Waste Management of Mississippi, Inc.*, 949 So. 2d 52, 56 (Miss. Ct. App. 2006) (including the malice definition of prong three). The *Morrison* court defined malice as "when an intentional act occurs [with] the purpose . . . to cause injury to business *without right or good cause*. *Morrison*, 798 So. 2d at 575 (emphasis in original).

Estes also argues that because he was privileged in recommending Gibson's termination, his recommendation cannot be without right or justifiable cause. It is true that Estes was in a position of responsibility in regards to Gibson's employment status. However, under Mississippi law, "[o]ne occupying a position of responsibility on behalf of another is privileged, within the scope of that responsibility and absent bad faith, to interfere with his principal's contractual relationship with a third person." *Morrison*, 798 So.2d at 574 (Miss. App. 2001). The question before the court is thus whether a reasonable jury could have found that Carey Estes acted in bad faith.

The defendant argues that there is no proof of bad faith. The Mississippi Court of Appeals has held that a jury's conclusion that bad faith is present, "generally arises as an inference from other evidence." *Id.* at 575. That inference must rise to the level of supporting a finding of maliciousness or the reckless disregard for the rights of the plaintiff. *Id.*

It was reasonable for a jury to conclude that Carey Estes acted with malice or reckless disregard for the rights of Gibson. The evidence showed that Gibson repeatedly became involved in investigations of Carey Estes, his family, and his business. Additionally, the proof showed that the mayor's brother was incarcerated due to the work of Gibson. Testimony revealed that Carey Estes had threatened to take action against Gibson if elected mayor. Gibson put on evidence that he was an upstanding member of the police force. This, coupled with Carey Estes' motive for moving against him this shows a reckless disregard for Gibson's right to employment. The defendant argues that this evidence simply shows ill will[1], which alone would not support a finding of liability. However, a reasonable jury could have concluded that this evidence lead to an inference of bad faith. This is further strengthened when, as required, the evidence is viewed in the light most favorable to Gibson.

## Causation

For a claim of malicious interference of employment, there must be a causal connection between the defendant's conduct and the plaintiff's loss. *Freeman v. Huseman Oil Intern., Inc.*, 717 So.2d 742, 744 (Miss. 1998). The defendant argues that because the Rosedale City Council voted to terminate the plaintiff's employment and that Carey Estes' motive for having Gibson fired was never communicated to the council. Therefore, the council members acted for their own independent reasons and Gibson has not proven causation.

The minutes of the February 19, 2005 Rosedale City Council meeting show that Carey Estes recommended the termination of Gibson's contract. The city council then voted in favor of

---

[1] The defendant is correct in its assertion that ill will alone is not enough to support a cause of action for malicious interference with employment. In fact, a Mississippi at-will employee "may be discharged at the employer's will for good reason, bad reason, or no reason at all, excepting reasons only declared legally impermissible." *Levens*, 733 So. 2d 753, 760 (Miss. 1999) (internal citations omitted).

terminating the contract. There is nothing in the record to indicate that the council would have acted on its own to fire Gibson. Thus a reasonable jury could conclude that but for Carey Estes' recommendation, Gibson would not have been fired. Gibson has therefore met the causation element. Having proven each element, Gibson's claim stands. Carey Estes' motion for a Judgment as a Matter of Law is denied.

## Motion for a New Trial

In the instant matter, Gibson's claim is not against the great weight of the evidence. As discussed above, Gibson has proven each element of malicious interference with employment. As such this court finds no reason to disturb the jury's verdict. The defendant's motion for a new trial is denied.

Carey Estes' motion for a judgement as a matter of law or, in the alternative, for a new trial is DENIED.

This the 13th day of August, 2008

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**